UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22743-CIV-JEM

| | |
|---|---|
| NELSON ROMERO, MILEIDY MANTECON, OTNIEL CISNEROS, MARBELYS NOHEMI CARDY, and all others similarly situated under 29 U.S.C. 216(B), <br><br> Plaintiff, <br> vs. <br><br> GREAT MOBILITY, INC., d/b/a GREAT MOBILITY, EASTCOAST TRANSPORTATION COMPANY OF SOUTH FLORIDA, LLC., ERICK CASTILLO, IRENE BRITO, ELIZABETH SANCHEZ, MAXIMO SANCHEZ, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

_____

**PLAINTIFFS' MOTION FOR FINAL DEFAULT JUDGMENT AS TO DEFENDANTS, JOINTLY AND SEVERALLY, AND FOR ENLARGEMENT OF TIME TO FILE ONE MOTION REGARDING FEES AND COSTS INCLUDING FUTURE FEES AND COSTS REGARDING COLLECTION OF DEFAULT AT THE CONCLUSION OF COLLECTION**

Pursuant to the Federal Rules of Civil Procedure, 29 U.S.C. 216(b), the Clerk's Default

[DE 20, 22, 23], Plaintiffs, NELSON ROMERO, MILEIDY MANTECON, OTNIEL

CISNEROS, and MARBELYS NOHEMI CARDY ("Plaintiffs"), respectfully request entry of

Final Default Judgment as to Defendants, GREAT MOBILITY, INC., d/b/a GREAT

MOBILITY, EASTCOAST TRANSPORTATION COMPANY OF SOUTH FLORIDA, LLC.,

ERICK CASTILLO, IRENE BRITO, ELIZABETH SANCHEZ, and MAXIMO SANCHEZ

("Defendants"), jointly and severally, and for enlargement of time to file one Motion regarding

fees and costs to date along with future fees and costs at the conclusion of collection, and in support thereof state as follow:

1. On September 25, 2017, Plaintiffs filed proof of service as to Defendants, reflecting the dates service was perfected. [DE14-16].

2. Thereafter, Defendants failed to timely respond to the Complaint and the Clerk entered a default as to same. [DE 20, 22, 23].

3. As such, Plaintiffs now moves for a Final Default Judgment to be entered against Defendants, jointly and severally, in favor of Plaintiffs:[1]

- Plaintiff NELSON ROMERO in the amount of **$ 5,656.40** against Defendants, jointly and severally;

- Plaintiff MILEIDY MANTECON in the amount of **$ 22,050.00** against Defendants, jointly and severally;

- Plaintiff OTNIEL CISNEROS in the amount of **$ 21,600.00** against Defendants, jointly and severally; and

- Plaintiff MARBELYS NOHEMI CARDY in the amount of **$ 66,000.00** against Defendants, jointly and severally.

4. Plaintiffs' calculation of damages, as set forth in the Affidavits attached hereto, are based on the dates Plaintiffs worked for Defendants, the hours they worked for Defendants, and the average hourly rate of pay Plaintiffs were  paid by Defendants, jointly and severally.[2] *Anderson*

---

[1] Attached to the initial Complaint [DE1] and the First Amended Complaint [DE10] are U.S. Department of Labor, Wage & Hour Division, investigations as to Plaintiffs. To the extent Plaintiffs' claims for Overtime Wages overlap with the U.S. Department of Labor findings, Plaintiffs are claiming the higher of the two applicable calculations.

[2] Attached to the initial Complaint [DE1] and the First Amended Complaint [DE10] are U.S. Department of Labor, Wage & Hour Division, investigations as to Plaintiffs. To the extent Plaintiffs' claims for Overtime Wages overlap with the U.S. Department of Labor findings, Plaintiffs are claiming the higher of the two applicable calculations.

*v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946); *See also* 29 CFR 516.2 (requiring very specific records to be kept by employer/Defendant).

5.   Plaintiffs also seek an award of attorneys' fees and costs in this matter pursuant to the FLSA. Plaintiffs respectfully request that this Court award damages at this time and enlarge time for Plaintiffs to file one fee and cost motion pursuant to Local Rule 7.3 but to have an enlargement through to the conclusion of collection which would benefit judicial economy so as not to piecemeal Plaintiffs' request for attorneys' fees and costs in this cause and so that Plaintiffs will need to only attach one breakdown of attorneys' fees and costs pursuant to the FLSA, which includes fees and costs associated with collection of the default.

6.   As such, Plaintiffs respectfully request that this Court enlarge time for Plaintiffs to file one fee and cost motion after the collection of the default judgment and to retain jurisdiction to entertain same so that one fee and cost motion can be filed for all fees and costs to date along with fees and costs associated with collections. Further, Plaintiffs' counsel should be entitled to collect reasonable attorneys' fees and costs in collection of the default judgment to be determined by this Court upon collection per the below-cited law.

7.   Therefore, the Plaintiffs respectfully request entry of an Order of Final Default Judgment to be entered against Defendants, jointly and severally, in favor of Plaintiffs and for fees and costs, including future fees and costs in collection of the Default Judgment to be determined by this Court upon collection. Plaintiffs respectfully request that this Court enlarge time for Plaintiffs to file one fee and cost motion after the collection of the default judgment and to retain jurisdiction to entertain same so that one fee and cost motion can be filed for all fees and costs to date along with fees and costs associated with collections.

<u>**MEMORANDUM OF LAW**</u>

<u>**Defendants have failed to timely respond to the Complaint**</u>

On September 5, 2017, Plaintiffs filed their First Amended Complaint [DE10][3] sounding under the Fair Labor Standards Act ("FLSA") alleging unpaid overtime wages against Defendants, jointly and severally. On September 25, 2017, Plaintiffs filed proof of service as to Defendants, reflecting the dates service was perfected. [DE14-16]. Thereafter, Defendants failed to timely respond pursuant to Fed. R Civ. P. 12(a)(1)(A), and a clerk default was entered pursuant to Fed. R Civ. P. 55 as to same. *See,* [DE 20, 22, 23].

Plaintiffs move for default under 29 U.S.C. 216(b), regarding only Defendants, jointly and severally. Plaintiffs' Affidavits[4] attached hereto are in compliance with the Servicemembers Civil Relief Act and other relevant law. Plaintiffs are entitled to seek all fees and costs under the FLSA.

This Court has the power to enter a final default against Defendants for failure to timely answer a complaint pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure. It is well-settled that the entry of a final judgment by default is available to facilitate the exercise of the Court's inherent power to manage its affairs. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir.1985) (citing *Flaksa v. Little River Marine Construction Co.*, 389 F.2d 885, 887 (5th

---

[3] Per [DE10, FN1], this First Amended Complaint [DE10] was filed pursuant to Fed. R. Civ. P. 15(a)(1)(B). Per the rule, a party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b),(e), or (f), whichever is earlier, if the pleading is one which requires a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Defendants had not filed a responsive pleading or served a motion under Rule 12(b), (e), or (f), and, as such, the 21 day period had not commenced at the time of the filing of the First Amended Complaint.

[4] Attached to the initial Complaint [DE1] and the First Amended Complaint [DE10] are U.S. Department of Labor, Wage & Hour Division, investigations as to Plaintiffs. To the extent Plaintiffs' claims for Overtime Wages overlap with the U.S. Department of Labor findings, Plaintiffs are claiming the higher of the two applicable calculations.

Cir.1968)). Failure to obey a court's order constitutes sufficient grounds for a final default judgment. *Bonanza Intern., Inc., v. Corceller* 480 F.2d 613, 614 (5th Cir. 1973). Further, in an Eleventh Circuit decision, the Court reversed the district court for allowing Defendants to amend their pleadings to assert an affirmative defense at trial. *Diaz v. Jaguar Rest. Group, LLC*, 627 F.3d 1212 (11th Cir. Fla. Dec. 13, 2010). *See also, Donahay v. Palm Beach Tours & Transportation*, 243 F.R.D. 697 (S.D. Fla. 2007) (defendants sought to amend answer and affirmative defenses seeking a declaration that would trigger the Motor Carrier Act, and this Court found that simply failing to timely plead is not good cause).

Because Defendants are held to admit facts that are not well pleaded or to admit conclusions of law, the Court must first determine whether there is sufficient basis in the pleading to judgment to be entered. *See DirecTV, Inc. v. Huynh,* 318 F. Supp. 2d 1122 (M.D. Ala. 2004) (quoting *Nishimatsu Constr. Co., Ltd. V. Houston Nat'l Bank*, 515 F.2d 1200 (5th Cir. 1975); *See also Buchanan v. Bowman,* 820 F.2d 359, 361 (11th Cir. 1987 ("[L]iability is well-pled in the complaint, and is therefore established by the entry of default…" (alterations added; citation omitted). If the facts in the complaint are sufficient to establish liability, then the Court must determine the appropriate amount of damages. *See Petmed Express, Inc. v. Medpets.com, Inc.,* 336 F. Supp. 2d 1213, 1217 (S.D. Fla. 2004). Where all the essential evidence is in the record, an evidentiary hearing on damages is not required. *See SEC v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearing in a permissive tone…We have held that no such hearing is required where all essential evidence is already of record." (alteration added; citations omitted)).

**Plaintiffs Have Adequately Pled All Elements of an FLSA Claim - Default Analysis**

Plaintiffs have adequately pled the "elements" required as seen in Plaintiffs' First Amended Complaint [DE10] and, as Defendants have failed to timely file a responsive pleading, all elements have been admitted by Defendants. Thus, the Court should enter Final Judgment against Defendants.

"The elements [of an FLSA overtime claim] that must be shown are simply a failure to pay overtime compensation ... to covered employees ... in accordance with the Act." *Secretary of Labor v. Labbe,* 319 Fed. Appx. 761, 763 (11th Cir., Nov. 4, 2008). *See, Campbell v. Paradigm Inv. Group, LLC*, 5:10-CV-1196-TMP, 2011 WL 7768141, at *4 (N.D. Ala. 2011), *report and recommendation adopted* 5:10-CV-1196-TMP, 2012 WL 1424984 (N.D. Ala. 2012). "The hours that Plaintiff worked involves an **essential element** of a claim for FLSA wages. *Diaz v. Jaguar Rest. Group, LLC,* 649 F. Supp. 2d 1343, 1361 (S.D. Fla. 2009). Further, FLSA coverage is an **essential element** to invoke FLSA relief. *Exime v. E.W. Ventures, Inc.,* 591 F. Supp. 2d 1364, 1366 (S.D. Fla. 2008).

Moreover, Rule 8 of the Federal Rules of Civil Procedure states a Complaint "shall contain … a short and plain statement" setting forth entitlement to relief and "'give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *Swierkiewicz v. Sorema*, N.A., 534 U.S. 506 (2002), *quoting Conley v. Gibson*, 355 U.S. 41 (1957). In an FLSA matter, the Court should ask whether "no facts are alleged showing that the plaintiffs, if those facts be true, are entitled to relief". *Daves et al. v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 646 (U.S. Dist. Hawaii 1953). *See also, Sec'y of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. Fla. 2008). *See also* Plaintiff's Notice of Liability [DE26] (discussion regarding the case of

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (U.S. 2009) adopted the Supreme Court's previous ruling in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (U.S. 2007)).

The Court should limit its analysis to the four corners of the First Amended Complaint [DE10] and accept Plaintiffs' allegations as true. **Plaintiffs have adequately pled that Defendants' failed to pay overtime compensation to Plaintiffs, covered employees under the Act, in accordance with the FLSA.** *See Secretary of Labor v. Labbe,* 319 Fed. Appx. 761, 763 (11th Cir., Nov. 4, 2008). *See, Campbell v. Paradigm Inv. Group, LLC*, 5:10-CV-1196-TMP, 2011 WL 7768141, at *4 (N.D. Ala. 2011), *report and recommendation adopted* 5:10-CV-1196-TMP, 2012 WL 1424984 (N.D. Ala. 2012). **Plaintiffs have adequately pled the dates they worked for Defendants and the positions held in Paras. 18-21 and Paras. 31-38 also provide the average hours alleged per week and average rates of pay.** [DE10]; *See also Diaz v. Jaguar Rest. Group, LLC,* 649 F. Supp. 2d 1343, 1361 (S.D. Fla. 2009). **Plaintiffs have also pled that Defendants failed to pay overtime compensation.** In Para. 39, Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the FLSA and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act and, thus Plaintiffs have adequately pled willfulness. *See also, Sanchez v. Chayele, et al.,* Case No.: 16-21975-CIV-UU [DE21](The Court concludes that, at this stage of the proceedings, Plaintiff's allegations are sufficient under *Iqbal* and *Twombly* to state a claim for relief based on either negligent or willful violations of the FLSA. *Iqbal* at 678.); *See also, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The term "employer" ought be interpreted more broadly under the Act than common law for remedial purposes. *See, e.g., Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2nd Cir. 1999); *Dole v. Elliott Travel & Tours, Inc.,* 942 F.2d 962, 965 (6th Cir. 1991), *citing McLaughlin*

*v. Seafood, Inc.*, 867 F.2d 875, 877 (5th Cir. 1989); *Donovan v. Agnew*, 712 F.2d 1509, 1510 (1st Cir. 1983); *Falk v. Brennan*, 414 U.S. 190, 195 (1973). Further, multiple employers may be responsible for compliance with the FLSA within one business organization. *See*, *Elliott Travel & Tours, Inc.,* 942 F.2d at 965; *Agnew*, 712 F.2d at 1510. "[B]oth the employing corporation and the individual responsible for operation thereof may be employers for purposes of the FLSA." *Figueroa v. America's Custom Brokers, Inc.,* 48 F.Supp.2d 1372, 1377 (S.D. Fla. 1999), *citing Patel v. Wargo*, 803 F.2d 632, 638 (11th Cir. 1986). In the Eleventh Circuit, "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637-38, *quoting Agnew*, 712 F.2d at 1511. Financial control over a corporation is a significant factor in determining "employer" status. *See, Elliot Travel & Tours*, 942 F.2d 966 (6th Cir. 1991); *Donovan v. Grim Hotel Co*., 747 F.2d 966, 972 (5th Cir. 1984)(imposing FLSA liability on a "top man" who guided corporate policies and controlled "purse strings"); *Donovan v. Sabine Irrigation Co., Inc*., 695 F.2d 190, 193-95 (5th Cir. 1983)(liability for controlling finances and dominating the administration); *Dole v. Simpson*, 784 F.Supp. 538, 545-47 (S.D. Ind. 1991). Liability may also be found even if control is restricted or exercised only occasionally as such does not diminish the significance of the existence of such control. *Herman*, 172 F.3d at 139, *quoting*, *Donovan v. Janitorial Servs, Inc.,* 672 F.2d 528, 531 (5th Cir. 1982). *See also*, *Olivas v. A Little Havana Check Cash, Inc*., 324 Fed. Appx. 839, 846 (11th Cir. Fla. 2009), and *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1310 (11th Cir. 2013).

In applying the "economic realities test," the Court should consider the following factors: (1) the nature and degree of control of the workers by the alleged employer; (2) the alleged

employee's opportunity for profit or loss depending upon his managerial skills; (3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; (4) whether the service rendered required a special skill; (5) the degree of permanence of the working relationship; and (6) whether the service rendered is an integral part of the alleged employer's business. *Santelices v. Cable Wiring*, 147 F. Supp. 2d 1313, 1319 (D. Fla 2001). Regarding the economic realities test discussed in *Santelices, infra*, economic dependence is an important factor relevant to the employment relationship as is the nature and degree of control of the workers by the alleged employer.  The below law also shows that *no one factor is dispositive*.

**Furthermore, joint and several liability, as to Defendants are adequately pled in the First Amended Complaint [DE10].** Specifically regarding the Corporate Defendants Paras. 3-5 of the First Amended Complaint [DE10] allege that the Corporate Defendants are corporations "that regularly transacts business within Miami-Dade County. Upon information and belief, the Defendant Corporation[s] [were] Plaintiffs['] FLSA employer[s] for Plaintiffs['] respective period[s] of employment ("the relevant time period")." Paras. 6-9 of the First Amended Complaint [DE10] allege that the individual Defendants are "corporate officer[s] and/or owner[s] and/or manager[s] of the Defendant Corporations who ran the day-to-day operations of the Corporate Defendant[s] for the relevant time period" and were "responsible for paying Plaintiffs['] wages for the relevant time period[s] and controlled Plaintiffs['] work and schedule[s]" and were therefore "Plaintiffs['] employer[s] as defined by 29 U.S.C. 203 (d)." Paras. 18-21 of the First Amended Complaint [DE10] allege what Plaintiffs specifically did for Defendants (patient transporters) and the specific dates Plaintiffs allege they worked for Defendants. Therefore, Defendants are specifically, jointly and severally liable for the damages claimed in the instant lawsuit.

Moreover, with regards to FLSA coverage/subject-matter jurisdiction, Plaintiffs have adequately pled same in the First Amended Complaint [DE10]. In *Turcios v. Delicias Hispanas Corp.* et al., 275 Fed. Appx. 879 (11th Cir. 2008), the Eleventh Circuit remanded *Turcios* and differentiated between summary judgment standards and motions to dismiss. In *Turcios*, the Eleventh Circuit remanded that matter despite the fact that the tax records reflected less than $500,000 during the relevant period. The required prongs of FLSA coverage (interstate commerce and the $500,000 monetary threshold) have been pled. The issue of FLSA coverage might later be an issue appropriately addressed in summary judgment pleadings after adequate discovery.[5] As to the interstate commerce prong of enterprise coverage, on 8/31/10 the Eleventh Circuit rendered a decision in the consolidated matter of *Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010). Prior to such decision, there was a split in this Circuit on the issue of enterprise coverage. However, *Polycarpe* clarified that in this Circuit, it is now of no consequence if the goods have "come to rest"--there is no continuity requirement, and enterprise coverage is triggered so long as the employees have, pursuant to 29 U.S.C. Section 203(s)(1)(A)(i), handled, sold or worked with goods "that have been moved in or produced for commerce." 616 F.3d, at *5-6 (LEXIS pagination). The *Polycarpe* Court stated that "we must vacate the judgment for the Defendant if there is a question about where the "goods" or "materials" were produced or where they have moved. The district courts will need to make some further decisions about the interstate history of the items in these cases." *Id*. Consequently, from whatever prism *Polycarpe* is analyzed, it is clear, for example, that a defendant-employer can no longer argue that the employees' handling etc. of the goods or

---

[5] This Court has original jurisdiction over the federal law FLSA claim under 29 U.S.C. Section 1331 (civil actions under the Constitution, laws and treaties of the United States). Thus, the Court has "jurisdiction" to hear the instant matter, although a statutory dispute concerning FLSA coverage exists.

materials, that were merely manufactured outside of Florida (when the $500,000 threshold is met), is not sufficient interstate commerce as a matter of law.

**Plaintiffs have adequately pled FLSA coverage which is an essential element to invoke FLSA relief.** *See Exime v. E.W. Ventures, Inc.,* 591 F. Supp. 2d 1364, 1366 (S.D. Fla. 2008). In particular, Paras. 22-23 of the First Amended Complaint [DE10], Plaintiffs alleges interstate commerce and then Paras. 24-26 allege the $500,000 monetary threshold.  Plaintiffs have alleged the requisite interstate commerce and gross annual income thresholds, and consequently, had this matter proceeded through discovery Plaintiffs would have had an opportunity to review all relevant tax records, and also to validate their accuracy through discovery. *See also, Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 8:07-CV-2359T23TGW, 2008 WL 793660 (M.D. Fla. Mar. 24, 2008). Plaintiffs have also adequately pled that this Court has jurisdiction to continue to hear this case under the theory of successor liability and that the principles of equity require that the successor be held liable for the damages sought pursuant to *Steinbach v. Hubbard,* 51 F.3d 843, 844 (9th Cir. Wash. 1995). Further, Plaintiffs have adequately pled joint employer/joint enterprise theories in Paras. 25-26 of the First Amended Complaint.

Thus, taking the allegations in the First Amended Complaint [DE10] as admitted, Plaintiffs herein move for Final Default Judgment, pursuant to the Federal Rules of Civil Procedure, 29 U.S.C. 216(b), and the Clerk's Default [DE 20, 22, 23].

### Entitlement to fees.

A prevailing Plaintiffs are a "party in whose favor judgment is rendered, *regardless of the amount of damages awarded* [emphasis added]." *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 US 598 (2001). In other words, to be a prevailing plaintiff, a plaintiff must establish that he or she is in a better legal position vis-à-vis

the defendant than he/she was prior to the proceedings at issue. *Goss v. Killian Oaks House of Learning*, 248 F.Supp. 2d. 1162 (S.D. Fla. 2003). Moreover, Federal Rule of Civil Procedure 54(d)(1) provides that "costs—other than attorney's fees' should be allowed to the prevailing party" unless a statute, rule, or court order provides otherwise. *Id.* Taxable costs are determined pursuant to 28 U.S.C. § 1920. *See* L.R. 7.3(c); *Ferguson v. N. Broward Hosp. Dist.*, 2011 WL 3583754, at *2 (S.D. Fla. Aug. 15, 2011). There is a "strong presumption" that taxable costs be awarded to the prevailing party. *Mathews v. Crosby,* 480 F.3d 1265, 1276 (11th Cir. 2007); *see also Groves v. Royal Caribbean Cruises, Ltd.,* 2011 WL 817930, at * 1 (S.D. Fla. Mar. 2, 2011) ("[A] prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs."). As such, "when challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party." *Ferguson*, 2011 WL 3583754, at *1 (citation omitted). 28 U.S.C. § 1920 allows for the recovery of the following costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> **(1)**  Fees of the clerk and marshal;
> **(2)**  Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> **(3)**  Fees and disbursements for printing and witnesses;
> **(4)**  Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> **(5)**  Docket fees under section 1923 of this title;
> **(6)**  Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

Under 28 U.S.C. § 1920(1), a prevailing party may recover costs associated with service of summons and subpoenas, "provided that the process servers' rates do not exceed what it would cost to have the U.S. Marshal effectuate service." *Santana v. RCSH Operations, LLC,* 2012 WL 3779013, at *2 (S.D. Fla. Aug. 31, 2012). Section 1920(3), as limited by 28 U.S.C. § 1821(b)3 authorizes the taxation of costs related to witness appearance fees and subsistence costs. *See also Drury v. Pena,* 1997 WL 718831, at * 13 (M.D. Fla. Oct. 15, 1997). These expenses include expenses for transportation and parking. *Dillon v. Axxsys InteYr., Inc.* 2006 WL 3841809, at *8 (M.D. Fla. Dec. 19, 2006).

Herein, Plaintiffs move for Final Default Judgment under 29 U.S.C. 216(b) regarding Defendants, jointly and severally, and refer to their executed Affidavits[6] attached hereto which sets forth each Plaintiff's damages, exclusive of attorneys' fees and costs. Plaintiffs are the prevailing party in this case and entitled to recover reasonable attorneys' fees and costs from Defendants, jointly and severally. 29 USC 216(b) makes the award of fees and costs to prevailing plaintiffs mandatory and Plaintiffs respectfully request to be awarded a full measure of the claimed fees and costs pursuant to 29 USC 216(b).

The Court has discretion to grant enlargements, although the Court takes into consideration whether the request will impact the trial calendar and the reasons.  *See, Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael Grecco Photography, Inc. v. Everett Collection, Inc*., No. 07-CIV-8171, 2008 WL 4580024, *3-4 (S.D.N.Y. 10/14/08).

The request to submit one fee and cost motion pursuant to Local Rule 7.3 but to have an enlargement through to the conclusion of collection which would benefit judicial economy so as

---

[6] Attached to the initial Complaint [DE1] and the First Amended Complaint [DE10] are U.S. Department of Labor, Wage & Hour Division, investigations as to Plaintiffs. To the extent Plaintiffs' claims for Overtime Wages overlap with the U.S. Department of Labor findings, Plaintiffs are claiming the higher of the two applicable calculations.

not to piecemeal Plaintiffs' request for attorneys' fees and costs in this cause and so that Plaintiffs will need to only attach one breakdown of attorneys' fees and costs pursuant to the FLSA, which includes fees and costs associated with collection of the default. As such, Plaintiffs respectfully request that this Court enlarge time for Plaintiffs to file one fee and cost motion after the collection of the default judgment and to retain jurisdiction to entertain same so that one fee and cost motion can be filed for all fees and costs to date along with fees and costs associated with collections.

**Entitlement to future fees in re: collection of default judgment.**

In *DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009), this Court found that attorney's fees related to collection on a final default judgment was available in FLSA cases. Stating;

> [i]n *Doden v. Plainfield Fire Protection Dist.,* 108 F. 3d 1379 (7th Cir. 1997), suggests that attorney's fees for post-judgment work may be available in FLSA cases. In *Doden,* the district court denied the plaintiff's request for attorneys fees in collecting a judgment finding that the plaintiff's efforts were unnecessary because the defendant was willing, ready and able to pay the judgment. 2008 U.S. Dist. LEXIS 72327, [WL] at * 2. The district court's reasoning for denying the fee request suggests that the district court may have awarded the fees had the plaintiff's attorney's efforts been necessary. On appeal, the Seventh Circuit affirmed the district court's decision noting that the record supported the district court's finding that the plaintiff's engaged in unnecessary efforts relating to the judgment. "This is a clear, concise, and reasonable explanation of why attorneys' fees were not awarded for these motions, and thus, the district court did not abuse its discretion in the denial of fees." 2008 U.S. Dist. LEXIS 72327, [WL] at *5.

This court in the *DiFrancesco* decision further stated:

> The courts have awarded post-judgment collection fees in cases involving other federal statutes. In *Free v. Briody,* 793 F. 2d 807 (7th Cir. 1986), the Seventh Circuit affirmed an award of attorney's fees for efforts made to collect a judgment arising out of a lawsuit

> brought under the Employee Retirement Income Security Act ("ERISA"). In affirming the fee award the circuit court noted that "[n]othing on the face of the statute, or in its history or purpose, suggests that the only legal efforts that can be compensated by an award of fees are those that precede the judgment, and not those incurred afterward to make the judgment a reality." *Id.* at 808. The circuit court further noted that "the entry of the judgment is not the end of the litigation . . . . It would make no more sense to deny attorney's fees for efforts to collect a judgment than it would to deny them for efforts to defend a judgment on appeal." *Id.* at 809.

Plaintiffs' attorneys will have to exert more time and effort in collection of the default judgment resulting from the underlying FLSA case and as a result should be awarded reasonable attorneys' fees and costs pursuant to the Court's decision in *DiFrancesco*.

WHEREFORE THE PLAINTIFFS RESPECTFULLY REQUEST ENTRY OF AN ORDER OF FINAL DEFAULT JUDGMENT TO BE ENTERED AGAINST DEFENDANTS, JOINTLY AND SEVERALLY, AND FOR FEES AND COSTS, INCLUDING FUTURE FEES AND COSTS IN COLLECTION OF THE FINAL DEFAULT JUDGMENT TO BE DETERMINED BY THIS COURT UPON COLLECTION. PLAINTIFFS RESPECTFULLY REQUEST THAT THIS COURT ENLARGE TIME FOR PLAINTIFFS TO FILE ONE FEE AND COST MOTION AFTER THE COLLECTION OF THE FINAL DEFAULT JUDGMENT AND TO RETAIN JURISDICTION TO ENTERTAIN SAME SO THAT ONE FEE AND COST MOTION CAN BE FILED FOR ALL FEES AND COSTS TO DATE ALONG WITH FEES AND COSTS ASSOCIATED WITH COLLECTIONS.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
Rivkah F. Jaff, Esquire
Florida Bar No.: 107511

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF AND U.S. MAIL ON 11/17/17 TO:**

**ALL CM/ECF RECIPIENTS**

**NO DEFENDANTS AND/OR DEFENSE COUNSEL HAVE APPEARED**

**GREAT MOBILITY, INC., D/B/A GREAT MOBILITY
REGISTERED AGENT: ELIZABETH SANCHEZ
12209 NW 106 CT.
MEDLEY, FL 33178**

**ERICK CASTILLO
12209 NW 106 CT.
MEDLEY, FL 33178**

**IRENE BRITO
12209 NW 106 CT.
MEDLEY, FL 33178**

**ELIZABETH SANCHEZ
12209 NW 106 CT.
MEDLEY, FL 33178**

**MAXIMO SANCHEZ
12209 NW 106 CT.
MEDLEY, FL 33178**

**EASTCOAST TRANSPORTATION COMPANY OF SOUTH FLORIDA, LLC.
REGISTERED AGENT: WINSTON I. CUENANT, ESQ.
CUENANT & NAZARETH, PA
2550 N. FEDERAL HWY., SUITE #10
FORT LAUDERDALE, FL 33305
PHONE: (954)766-4271
FAX: (954)379-4454
EMAIL: WINSTON@CUENANTLAW.COM**

**BY:__/s/____Rivkah F. Jaff_____
RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22743-CIV-JEM

| | |
|---|---|
| NELSON ROMERO, MILEIDY MANTECON, OTNIEL CISNEROS, MARBELYS NOHEMI CARDY, and all others similarly situated under 29 U.S.C. 216(B),<br><br>Plaintiff,<br>vs.<br><br>GREAT MOBILITY, INC., d/b/a GREAT MOBILITY, EASTCOAST TRANSPORTATION COMPANY OF SOUTH FLORIDA, LLC., ERICK CASTILLO, IRENE BRITO, ELIZABETH SANCHEZ, MAXIMO SANCHEZ,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

**ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL DEFAULT JUDGMENT AS
TO DEFENDANTS, JOINTLY AND SEVERALLY, AND FOR ENLARGEMENT OF
TIME TO FILE ONE MOTION REGARDING FEES AND COSTS INCLUDING
FUTURE FEES AND COSTS REGARDING COLLECTION OF DEFAULT AT THE
CONCLUSION OF COLLECTION**

This cause, having come before the Court on Plaintiffs' above-described motion

("Motion for Final Default Judgment"), and the Court being duly advised in the premises, it is

ORDERED AND ADJUDGED that said Motion for Final Default Judgment  is granted and

therefore:

It is hereby ordered and adjudged that:

1.  Plaintiffs' Motion for Final Default Judgment as to Defendants, jointly and severally,

    and for Enlargement of Time is **GRANTED.**

2.  Judgment shall be entered in favor of Plaintiffs as follows:[7]

- Plaintiff NELSON ROMERO in the amount of **$ 5,656.40** against Defendants, jointly and severally;

- Plaintiff MILEIDY MANTECON in the amount of **$ 22,050.00** against Defendants, jointly and severally;

- Plaintiff OTNIEL CISNEROS in the amount of **$ 21,600.00** against Defendants, jointly and severally; and

- Plaintiff MARBELYS NOHEMI CARDY in the amount of **$ 66,000.00** against Defendants, jointly and severally.

This judgment shall bear interest in accordance with 29 U.S.C. § 1961.

3.  Further, Plaintiffs' counsel, J.H. Zidell, P.A., shall be entitled to collect reasonable attorneys' fees and costs to date along with future reasonable attorneys' fees and costs upon collection of the Final Default Judgment to be filed in one motion at the conclusion of the collection and to be determined by this Court upon collection of the default judgment. Plaintiffs' counsel, J.H. Zidell, P.A., shall take fees and costs from Defendants, jointly and severally, which sum shall be determined by the Court at the conclusion of collection and said sum shall bear interest at the legal rate from the date of this judgment onward and for which sum let execution shall issue. *See DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009). The Court shall retain jurisdiction to entertain said fees and cost motion which will include fees and costs to date along with fees and costs associated with collection of the default.

---

[7] Attached to the initial Complaint [DE1] and the First Amended Complaint [DE10] are U.S. Department of Labor, Wage & Hour Division, investigations as to Plaintiffs. To the extent Plaintiffs' claims for Overtime Wages overlap with the U.S. Department of Labor findings, Plaintiffs are claiming the higher of the two applicable calculations.

4. The Clerk of the Court is instructed to **CLOSED** AS TO DEFENDANTS, JOINTLY AND SEVERALLY.

5. A Final Default Judgment will be entered in favor of Plaintiffs and against Defendants, jointly and severally, in conformity with this Order.

6. The Court reserves jurisdiction to enter such other and further orders as deemed proper.

DONE AND ORDERED in Chambers, Miami, FL on this _____  day of _____, 2017.


_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies to:      Counsel of Record
                Defendants:

                GREAT MOBILITY, INC., D/B/A GREAT MOBILITY
                REGISTERED AGENT: ELIZABETH SANCHEZ
                12209 NW 106 CT.
                MEDLEY, FL 33178

                ERICK CASTILLO
                12209 NW 106 CT.
                MEDLEY, FL 33178

                IRENE BRITO
                12209 NW 106 CT.
                MEDLEY, FL 33178

                ELIZABETH SANCHEZ
                12209 NW 106 CT.
                MEDLEY, FL 33178

                MAXIMO SANCHEZ
                12209 NW 106 CT.
                MEDLEY, FL 33178

                EASTCOAST TRANSPORTATION COMPANY OF SOUTH FLORIDA, LLC.
                REGISTERED AGENT: WINSTON I. CUENANT, ESQ.

CUENANT & NAZARETH, PA
2550 N. FEDERAL HWY., SUITE #10
FORT LAUDERDALE, FL 33305
PHONE: (954)766-4271
FAX: (954)379-4454
EMAIL: WINSTON@CUENANTLAW.COM

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-22743-CIV-JEM

| | |
|---|---|
| NELSON ROMERO, MILEIDY<br>MANTECON, OTNIEL CISNEROS,<br>MARBELYS NOHEMI CARDY, and all<br>others similarly situated under 29 U.S.C.<br>216(B),<br><br>        Plaintiff,<br>    vs.<br><br>GREAT MOBILITY, INC., d/b/a<br>GREAT MOBILITY,<br>EASTCOAST TRANSPORTATION<br>COMPANY OF SOUTH FLORIDA, LLC.,<br>ERICK CASTILLO,<br>IRENE BRITO,<br>ELIZABETH SANCHEZ,<br>MAXIMO SANCHEZ,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

_____

**FINAL DEFAULT JUDGMENT PURSUANT TO 29 U.S.C 216(b) AS TO DEFENDANTS,
JOINTLY AND SEVERALLY**

      Pursuant to 29 U.S.C. 216(b) it is hereby ordered and adjudged that the Plaintiffs,

NELSON ROMERO, MILEIDY MANTECON, OTNIEL CISNEROS, and MARBELYS

NOHEMI CARDY ("Plaintiffs"), c/o the Client Trust Account of J.H. Zidell P.A., shall take the

following total sums of **$ 115,306.40**[8] from Defendants, GREAT MOBILITY, INC., d/b/a

GREAT MOBILITY, EASTCOAST TRANSPORTATION COMPANY OF SOUTH

FLORIDA, LLC., ERICK CASTILLO, IRENE BRITO, ELIZABETH SANCHEZ, and

_____

[8] Attached to the initial Complaint [DE1] and the First Amended Complaint [DE10] are U.S.
Department of Labor, Wage & Hour Division, investigations as to Plaintiffs. To the extent
Plaintiffs' claims for Overtime Wages overlap with the U.S. Department of Labor findings,
Plaintiffs are claiming the higher of the two applicable calculations.

MAXIMO SANCHEZ, jointly and severally, regarding damages for Plaintiffs' unpaid overtime wage claims sounding under the FLSA, which sum shall bear interest at the legal rate from the date of this judgment onward and for which sum let execution issue, as follows:

- Plaintiff NELSON ROMERO in the amount of **$ 5,656.40** against Defendants, jointly and severally;

- Plaintiff MILEIDY MANTECON in the amount of **$ 22,050.00** against Defendants, jointly and severally;

- Plaintiff OTNIEL CISNEROS in the amount of **$ 21,600.00** against Defendants, jointly and severally; and

- Plaintiff MARBELYS NOHEMI CARDY in the amount of **$ 66,000.00** against Defendants, jointly and severally.

This judgment shall bear interest in accordance with 29 U.S.C. § 1961.

Further, Plaintiffs' counsel, J.H. Zidell, P.A., shall be entitled to collect reasonable attorneys' fees and costs to date along with future reasonable attorneys' fees and costs upon collection of the final default to be filed in one motion at the conclusion of the collection and to be determined by this Court upon collection of the default judgment. Plaintiffs' counsel, J.H. Zidell, P.A., shall take fees and costs from the individual Defendants, GREAT MOBILITY, INC., d/b/a GREAT MOBILITY, EASTCOAST TRANSPORTATION COMPANY OF SOUTH FLORIDA, LLC., ERICK CASTILLO, IRENE BRITO, ELIZABETH SANCHEZ, and MAXIMO SANCHEZ, jointly and severally, which sum shall be determined by the Court at the conclusion of collection and said sum shall bear interest at the legal rate from the date of this judgment onward and for which sum let execution shall issue. *See DiFrancesco v. Home Furniture Liquidators, Inc.,* 2009 U.S. Dist. LEXIS 736 (S.D. Fla. Jan. 6, 2009). The Court shall retain jurisdiction to entertain said fees and cost motion which will include fees and costs to date along with fees and costs associated with collection of the default.

DONE AND ORDERED in Chambers, Miami, FL, on this _____ day of

_____, 2017.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies to:      Counsel of Record

GREAT MOBILITY, INC., D/B/A GREAT MOBILITY
REGISTERED AGENT: ELIZABETH SANCHEZ
12209 NW 106 CT.
MEDLEY, FL 33178

ERICK CASTILLO
12209 NW 106 CT.
MEDLEY, FL 33178

IRENE BRITO
12209 NW 106 CT.
MEDLEY, FL 33178

ELIZABETH SANCHEZ
12209 NW 106 CT.
MEDLEY, FL 33178

MAXIMO SANCHEZ
12209 NW 106 CT.
MEDLEY, FL 33178

EASTCOAST TRANSPORTATION COMPANY OF SOUTH FLORIDA, LLC.
REGISTERED AGENT: WINSTON I. CUENANT, ESQ.
CUENANT & NAZARETH, PA
2550 N. FEDERAL HWY., SUITE #10
FORT LAUDERDALE, FL 33305
PHONE: (954)766-4271
FAX: (954)379-4454
EMAIL: WINSTON@CUENANTLAW.COM