UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case Number: 17-22743-CIV-MARTINEZ-OTAZO-REYES

NELSON ROMERO, MILEIDY MANTECON, OTNIEL CISNEROS, MARBELYS NOHEMI CARDY, and all others similarly-situated under 29 U.S.C. 216(B),
    Plaintiffs,

vs.

GREAT MOBILITY, INC., d/b/a GREAT MOBILITY, EASTCOAST TRANSPORTATION COMPANY OF SOUTH FLORIDA, LLC, ERICK CASTILLO, IRENE BRITO, ELIZABETH SANCHEZ, and MAXIMO SANCHEZ,
    Defendants.
_____/

## FINAL DEFAULT JUDGMENT AGAINST DEFENDANTS

THIS CAUSE came before the Court on Plaintiffs' Motion for Final Default Judgment as to Defendants, Jointly and Severally, and for Enlargement of Time to File One Motion Regarding Fees and Costs Including Future Fees and Costs Regarding Collection of Default at the Conclusion of Collection [ECF No. 26]. A Clerk's Default has been entered against each Defendant [ECF Nos. 22 and 23] for failure to answer or otherwise respond to Plaintiffs' Amended Complaint. This Court entered an Order of Default Final Judgment Procedure, requiring Defendants to properly respond to Plaintiffs' Amended Complaint and/or move to set aside the Clerk's Default by a date certain [ECF No. 25]. To date, none of the Defendants have complied with either instruction. Moreover, Plaintiffs have filed a certification on the record reflecting that copies of Plaintiffs' motion for default judgment and this Court's Order on Default Final Judgment Procedure were sent to Defendants [ECF No. 29]. Plaintiffs have filed

Affidavits as to the amount due from Defendants [ECF Nos. 26-1, 26-2, 26-3 and 26-4]. Plaintiffs have also provided letters from the U.S. Department of Labor, establishing that Plaintiffs are covered under the Fair Labor Standards Act ("FLSA") and that Defendants have violated the FLSA [ECF Nos. 1-1, 10-2, 10-3 and 10-4].

This is an action for unpaid wages and overtime compensation under the FLSA. In order to prevail on their FLSA claims, Plaintiffs bear the burden of proving by a preponderance of the evidence: (1) the existence of an employment relationship; (2) that they were employees engaged in commerce or employed by an "enterprise" engaged in commerce; (3) that Defendants failed to pay overtime compensation required by the FLSA; and (4) that they are owed the amount claimed by a just and reasonable inference. *See* 29 U.S.C. § 207(a). A court may enter a default judgment only if the factual allegations of the complaint provide a sufficient legal basis for entry of a default judgment. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

The Court has reviewed the allegations of the Amended Complaint [ECF No. 10], Plaintiffs' Updated Statement of Claim [ECF No. 17] and the Affidavits submitted by Plaintiffs as to the amount due from Defendants [ECF Nos. 26-1, 26-2, 26-3 and 26-4]. The Court finds that Plaintiffs have adequately alleged coverage under the FLSA and are entitled to damages.

Accordingly, after careful consideration, it is hereby:

**ORDERED AND ADJUDGED** that

1. Plaintiff's Motion for Final Default Judgment as to Defendants, Jointly and Severally, and for Enlargement of Time to File One Motion Regarding Fees and Costs including Future Fees and Costs Regarding Collection of Default at the Conclusion of Collection [ECF No. 26] is **GRANTED**.

2. Final default judgment is **ENTERED** in favor of Plaintiffs and against Defendants as follows:

(a) Final default judgment is **ENTERED** in favor of Plaintiff NELSON ROMERO and against Defendants GREAT MOBILITY, INC., d/b/a GREAT MOBILITY, EASTCOAST TRANSPORTATION COMPANY OF SOUTH FLORIDA, LLC, ERICK CASTILLO, IRENE BRITO, ELIZABETH SANCHEZ, and MAXIMO SANCHEZ, jointly and severally, in the amount of **$5,656.40**, representing the amount that Plaintiff claims in unpaid wages and liquidated damages. Interest shall accrue thereon at the legal rate as provided by law from the date of this Order, for which sum let execution issue.

(b) Final default judgment is **ENTERED** in favor of Plaintiff MILEIDY MANTECON and against Defendants GREAT MOBILITY, INC., d/b/a GREAT MOBILITY, EASTCOAST TRANSPORTATION COMPANY OF SOUTH FLORIDA, LLC, ERICK CASTILLO, IRENE BRITO, ELIZABETH SANCHEZ, and MAXIMO SANCHEZ, jointly and severally, in the amount of **$13,500.00**[1], representing the amount that Plaintiff claims in unpaid wages and liquidated damages. Interest shall accrue thereon at the legal rate as provided by law from the date of this Order, for which sum let execution issue.

(c) Final default judgment is **ENTERED** in favor of Plaintiff OTNIEL CISNEROS and against Defendants GREAT MOBILITY, INC., d/b/a GREAT MOBILITY, EASTCOAST TRANSPORTATION COMPANY OF SOUTH FLORIDA, LLC, ERICK CASTILLO, IRENE BRITO, ELIZABETH SANCHEZ, and MAXIMO SANCHEZ, jointly and severally, in the amount of **$21,600.00**, representing the amount that Plaintiff claims in unpaid wages and

---

[1] Generally, the amount of the claim should be limited to the damages alleged in the Complaint. *See, e.g., Silge v. Merz*, 510 F.3d 157, 160 (2d Cir. 2007). As such, here, the amount of the claim and dates of employment are limited to the damages and employment span alleged in Plaintiffs' First Amended Complaint [ECF No. 10] and Updated Statement of Claim [ECF No. 17], as attested to in the respective affidavits.

liquidated damages. Interest shall accrue thereon at the legal rate as provided by law from the date of this Order, for which sum let execution issue.

(d) Final default judgment is **ENTERED** in favor of Plaintiff MARBELYS NOHEMI CARDY and against Defendants GREAT MOBILITY, INC., d/b/a GREAT MOBILITY, EASTCOAST TRANSPORTATION COMPANY OF SOUTH FLORIDA, LLC, ERICK CASTILLO, IRENE BRITO, ELIZABETH SANCHEZ, and MAXIMO SANCHEZ, jointly and severally, in the amount of **$66,000.00**, representing the amount that Plaintiff claims in unpaid wages and liquidated damages. Interest shall accrue thereon at the legal rate as provided by law from the date of this Order, for which sum let execution issue.

3. The Court **RESERVES** jurisdiction to award fees and/or costs, if appropriate, and to enforce this judgment. Any motion for attorney's fees and/or costs shall be filed within **fourteen (14) days** of the satisfaction of this judgment. Plaintiffs shall be permitted to file *one* motion for attorney's fees and/or costs once the judgment has been satisfied.

4. This case is **CLOSED**, and all pending motions are **DENIED AS MOOT**.

5. It is **Plaintiffs' responsibility** to immediately provide a copy of this judgment to Defendants and to file a certification on the record.

DONE AND ORDERED in Chambers at Miami, Florida, this 8 day of August, 2018.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Otazo-Reyes
All Counsel of Record